Tracy H. Fowler (1106)
Stephanie N. Nielson (17868)
SNELL & WILMER L.L.P.
Gateway Tower West
15 West South Temple, Suite 1200
Salt Lake City, UT 84101-1547
P  801.257.1900
F  801.257.1800
tfowler@swlaw.com
snnielson@swlaw.com
*Attorneys for Defendant Delta Airlines, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| CAROL ANN WEBB and NORRISS WEBB, <br><br> Plaintiffs, <br><br> v. <br><br> DELTA AIRLINES, INC., a Georgia Corporation, <br><br> Defendants. | **NOTICE OF REMOVAL OF A CIVIL ACTION FROM STATE COURT TO FEDERAL COURT** <br><br> **(State case #210902553; complaint filed May 12, 2021)** <br><br> Civil No. 2:21-cv-00571 <br><br> Judge: Bruce S. Jenkins |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant DELTA AIRLINES, INC., ("Delta") files this Notice of removal of the above-captioned action from the Third Judicial District of Utah, Salt Lake County. In support of this Notice of Removal, Delta states:

1. On or about May 12, 2021, this action was commenced by Plaintiffs Carol Webb and Norriss Webb (collectively, "Plaintiffs") against Delta Airlines, Inc. Plaintiffs' Complaint asserts causes of action for (1) strict liability under the Montreal Convention, (2) negligence, (3) strict products liability, and (4) loss of consortium.

2. Delta has received service of process of the Complaint on September 8, 2021. The Complaint and Returns of Service constitute all pleadings that have been filed in State Court, and are attached hereto as **Exhibit "A,"** along with the State Court docket.

3. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the District of Utah because this district embraces the place in which the removed action has been pending.

4. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Third Judicial District Court of Utah, County of Salt Lake, promptly after filing of same in this Court.

5. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

6. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Delta's right to assert defenses including but not limited to, any defenses that may be asserted pursuant to Fed. R. Civ. P. 12.

7. Removal is timely filed as Delta has filed the Notice of Removal within 30 days from the time the Plaintiffs served Delta with the Complaint. 28 U.S.C. § 1446(b)(1).

8. The above-captioned case is a civil action that may be removed to this Court under 28 U.S.C. §§ 1331, 1332, and 1441(a) and (b), based on federal question and diversity jurisdiction.

### I. THIS COURT HAS FEDERAL QUESTION JURISDICTION

9. This is a civil action over which the United States District Court for the District of Utah has federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1441.

10. The Plaintiffs' Complaint asserts a cause of action pursuant to the Montreal Convention. Pursuant to 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of

all civil actions arising under the… treaties of the United States."

11. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12. Accordingly, removal of the above-referenced action to the District Court of Utah, is proper because the Court has federal question jurisdiction over the action.

## II. DIVERSITY OF CITIZENSHIP EXISTS

13. All Plaintiffs are and were at the time of filing of the Complaint, citizens of Utah. (Compl. ¶ 1).

14. Defendant Delta is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware.

15. At the time Plaintiffs commenced this action, Delta's principal place of business was, and still is, Atlanta, Georgia. Delta is, therefore, a citizen of Georgia and Delaware. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where its principal place of business.").

16. Accordingly, for the reasons stated above, there is complete diversity of citizenship between Plaintiffs and Defendants.

## III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

18. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014); *see also*, 28 U.S.C § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart,* 135 S. Ct. at 553.

19. Pursuant to the Complaint in this case, Plaintiffs seek general and special damages. (*See* Compl., Prayer.)

20. Plaintiffs further allege in the Complaint that the amount in controversy exceeds $300,000 exclusive of interest, as Plaintiffs qualified this Complaint as a Tier 3 claim, as defined under the Utah Rules of Civil Procedure. *See* Compl.[1] Accordingly, on the face of the Complaint, Plaintiffs are seeking at a minimum $300,000 in damages for all Plaintiffs.

21. Thus, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

### IV. CONCLUSION

22. For the reasons stated above, Delta respectfully removes this matter from the Third Judicial District, Salt Lake County, to this Court for determination of all issues in accordance with the provisions of 28 U.S.C. §§ 1331, 1332 and 1441(a) and (b).

---

[1] Under U.R.C.P. 26(c) if the amount in controversy is equal to or more than $300,000 the case qualifies as Tier 3 for purposes of discovery.

Dated: September 28, 2021.              SNELL & WILMER L.L.P.


                                                            */s/ Tracy H. Fowler*
                                                            Tracy H. Fowler
                                                            Stephanie N. Nielson
                                                            *Attorneys for Defendant Delta Airlines, Inc.*


4834-8162-5085